UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CHAD ANTHONY GALVAN,          )
                              )  NO. CV-08-0883-LRS
            Plaintiff,        )
                              )  **ORDER GRANTING**
     v.                       )  **DEFENDANTS' MOTION TO**
                              )  **DISMISS**
S. PURVIANCE, et al.,         )
                              )
            Defendants.       )
_____)

BEFORE THE COURT is Defendants Knipp, Lackner and Subia's ("Defendants") Motion to Dismiss (Ct. Rec. 17), filed on May 4, 2010 and noted without argument. The Plaintiff's response was due May 25, 2010. The Court notes that Plaintiff has not filed any opposition to Defendants' motion to date. The movant has filed a declaration of counsel, indicating that a reply will not be submitted based on Plaintiff's lack of opposition.

I.   BRIEF BACKGROUND

Plaintiff and state prisoner Chad Anthony Galvan initiated this lawsuit pursuant to 42 U.S.C. §1983 alleging that defendants Purviance, Sharps, Knipp, Lackner and Subia violated his rights under the Eighth and Fourteenth Amendments. On March 19, 2007, Galvan's radio was confiscated by Defendant Purviance to check for a recording device. On April 14, 2007, Galvan learned that a chrono attached to his radio stated that the seals on it were broken and that a jack had been placed where a screw should have been. The plaintiff was again informed by Purviance that his radio would not be returned to him. Galvan told Purviance that he had a right to send his radio home and that he wished to exercise

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1**

this right.  On April 15, 2007, however, Purviance informed Galvan that the radio could not be found.  On May 3, 2007, Galvan submitted an inmate grievance requesting that his radio be returned.  This grievance was reviewed at the first level of appeal and denied

by Defendants Sharp, Knipp, and Lackner.  It was then reviewed and denied at the second level of appeal.  Although the signature line on the second level response states "R.J.Subia", it appears to have actually been signed by someone else. Furthermore, the interview at the second level of appeal was not conducted by Subia.

II.     DISCUSSION

Defendants move to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing their denial of the plaintiff's inmate appeal cannot serve as the basis for liability.   Further, there is no allegation that defendants played an affirmative role in the alleged deprivation of plaintiff's constitutional rights.

It is well established that there is no federal constitutional right to a properly functioning inmate grievance system for inmates incarcerated within California's penal system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). A claim for relief based on the failure to grant administrative grievances or process them properly is not a cognizable claim because there is no constitutional guarantee to a prison administrative grievance or appeal system. *Mann*, 855 F.2d at 640. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

A defendant who is involved only to the extent that he or she considered a plaintiff's inmate appeal may not be held liable. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1948-49 (2009). Defendants argue that their motion to dismiss

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2**

should be sustained because the only basis of the claims against them is that they reviewed and denied the plaintiff's inmate appeal concerning the confiscation of his radio. There is no allegation that they were involved in the actual confiscation of Galvan's radio or in the alleged underlying unconstitutional behavior.

Defendants also argue their motion to dismiss should be granted because plaintiff has failed to allege they played an affirmative part in the alleged deprivation of his constitutional rights.  More specifically, Defendants assert there is no respondeat superior liability under §1983 and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-692 (1978).

Defendants argue their motion to dismiss should be sustained because their involvement in responding to the plaintiff's inmate appeal does not show any affirmative link with Galvan's claimed injury or in anyway suggest that they set in motion acts which caused others to inflict a constitutional injury upon Galvan. According to the allegations in the complaint, by the time of Galvan's inmate appeal, his radio had already been confiscated and he had already been informed that it could not be located. In the case of Defendant Subia, it does not even appear that he was involved in the review of Galvan's appeal, as the interview at the second level of review was conducted by someone else and the second level response was signed by someone else. Both the first and second level responses examined the records, involved interviews with the plaintiff, and advised him that he could appeal the decision if he so desired. The second level decision included a careful review of the first level decision.

There is no evidence that these decisions acquiesced in a violation of plaintiff's constitutional rights.  These decisions would not have caused officials at the prison to believe that they could disregard plaintiff's rights.  Plaintiff has not opposed the instant motion. In general, a party who fails to file a timely objection

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3**

to a motion is deemed to have waived objection. The Court, however, has examined the merits of this motion to dismiss even though plaintiff, the nonmoving party, has failed to object.

Because the record herein does not affirmatively show that Defendants Purviance and Sharps have been given notice of this suit or otherwise served during the 27 month period from the date this litigation commenced, said Defendants will also be included in the order of dismissal.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and this action against the remaining Defendants will also be dismissed. The defendants' denial of plaintiff's inmate appeal cannot serve as a basis for a claim under §1983. There is no allegation that the defendants played an affirmative part in the alleged deprivation of plaintiff's constitutional rights.

In accordance with the above, **IT IS HEREBY ORDERED THAT**:

1. The complaint filed herein and this action be and the same hereby is **DISMISSED**.

2. The District Court Executive is directed to enter this order, forward a copy to the PLAINTIFF and to counsel for Defendants.

**DATED** this   2nd   day of August, 2010.

*s/Lonny R. Suko*
LONNY R. SUKO
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4**